UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUSTIN LEE RUMLER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-203-JD-MGG |
| WILLIAM HYATTE, et al., | |
| Defendants. | |

OPINION AND ORDER

Justin Lee Rumler, a prisoner without a lawyer, filed a complaint against eight defendants asserting his constitutional rights were violated when he was placed in a contaminated and unsanitary cell at Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Rumler alleges that, on August 20, 2020, at about 2:00 a.m., Sgt. Moore moved him from cell S-511 to cell S-104 in the restrictive housing unit. ECF 1 at 4. He was moved to cell S-104 because another inmate harmed himself on the evening of August 19, 2020, and the inmate needed to be housed in a cell with a camera. *Id.* at 3.

Rumler states cell S-104 was contaminated, filthy, and unsanitary because there was blood smeared on the cell's windows, door, floor, and walls by the mirror and sink. *Id*. The inmate who had been housed in cell S-104 was Hepatitis C positive and, as a result, Rumler was forced to live in an unhealthy environment that put him at risk because he is a Type 1 insulin diabetic who is susceptible to getting infections. *Id*.

Because he did not have a working intercom in his cell, Rumler was not able to notify prison staff about the condition of cell S-104 until 5:00 a.m. on August 20, 2020. ECF 1-1 at 2. At about 7:00 a.m. that morning, he also told Sgt. Wells and another prison officer about the condition of his cell. *Id*. Sgt. Wells opened the cuff port of his cell so that Rumler could point to the areas in his cell that were covered with blood. *Id*. Rumler continued to raise issues about his contaminated cell and, and at about 12:00 p.m., he discussed the unsafe situation with Lt. Myers. *Id*. However, Rumler remained in the cell until 4:00 p.m. on that day. Five months later, in January 2021, he states he tested positive for Hepatitis C. *Id*.

In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*,

2

452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment."). Giving Rumler the favorable inferences to which he is entitled at this stage, he states plausible Eighth Amendment claims against Sgt. Wells and Lt. Myers for leaving him in an unsanitary cell on August 20, 2020.

Rumler next asserts that his rights have been violated under the Equal Protection Clause of the Fourteenth Amendment. ECF 1 at 3. However, because he has not alleged facts that support his claim, he may not proceed on it.

Rumler has also sued Sgt. Moore, Ofc. Gunther, and Warden Hyatte alleging they knew about the unsanitary condition of cell S-104. A § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Other than his bare allegations, Rumler has not pled facts that show these three defendants knew cell S-104 was unsanitary and contaminated with blood. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("public employees are responsible for their own misdeeds but not for anyone else's."). And because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, Warden Hyatte cannot be held liable simply because he oversees or supervises prison staff. *Id.* at 594. Therefore, Rumler has not stated a claim against these defendants.

Moreover, to the extent Rumler has sued Capt. John Doe and Ofc. John Doe, as a practical matter, he cannot proceed against unnamed defendants. *See Wudtke v. Davel*,

3

128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Therefore, he has not stated a claim against either Capt. John Doe or Ofc. John Doe.

Furthermore, Rumler has sued Commissioner Robert Carter. However, other than simply listing him as a defendant in the caption of his case, he never mentions him in the body of his complaint. Therefore, he may not proceed against Commissioner Carter.

As a final matter, Rumler has asserted state law claims against the State of Indiana and the Indiana Department of Correction. ECF 1-1 at 1-5. However, he has not named either of these defendants in his amended complaint. Even if Rumler had named the State of Indiana as a defendant, the Eleventh Amendment bars his claim for damages against the State. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). He also cannot sue the Indiana Department of Correction, because State agencies, are also immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). While there are three exceptions to Eleventh Amendment immunity, *see MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999), none of them apply here. Furthermore, because Rumler's state law claims are vague, and he has not articulated his reasoning for the claims, he cannot proceed on them.

For these reasons, the court:

(1) GRANTS Justin Lee Rumler leave to proceed against Sgt. Wells in his individual capacity for compensatory and punitive damages for leaving him in an unsanitary cell on August 20, 2020, in violation of the Eighth Amendment;

(2) GRANTS Justin Lee Rumler leave to proceed against Lt. Myers in his individual capacity for compensatory and punitive damages for leaving him in an unsanitary cell on August 20, 2020, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Commissioner Robert Carter, Warden William Hyatte, Sgt. Moore, Ofc. Gunther, Capt. John Doe, and Ofc. John Doe;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Wells and Lt. Myers at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Wells and Lt. Meyers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 30, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT