UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN LEE RUMLER,

      Plaintiff,

           v.                            CAUSE NO. 3:21-CV-203-MGG

MYERS, et al.,

      Defendants.

OPINION AND ORDER

Justin Lee Rumler, a prisoner without a lawyer, filed several discovery-related motions, including three motions to compel, a motion for counsel, and a motion for status. Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The court has "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

Rumler proceeds in this case on Eighth Amendment claims regarding the unsanitary conditions of his confinement against Lieutenant Myers, Sergeant Wells, and

Sergeant Moore. ECF 83. He alleges that these defendants ignored his complaints about

the prior occupants blood on the cell walls and left him in the unsanitary cell for

fourteen hours on August 20, 2020. In evaluating an Eighth Amendment claim, courts

conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834

(1994). The objective prong asks whether the alleged deprivation is "sufficiently

serious" that the action or inaction of a prison official leads to "the denial of the

minimal civilized measure of life's necessities." *Id*. On the subjective prong, the prisoner

must show the defendant acted with deliberate indifference to the inmate's health or

safety. *Id*.

In one motion to compel (ECF 112), Rumler seeks to compel the production of

documents in response to the Request No. 1 of the requests for production filed on July

18, 2022 (ECF 49). On August 19, 2022, the defendants filed their responses to these

requests. ECF 67. He contends that he needs incident reports related to the unsanitary

conditions of his cell on August 20, 2020, to show that Lieutenant Myers and Sergeant

Wells committed perjury in responding to Request No. 1 of his requests for admissions

(ECF 105, ECF 106). Request For Production No. 1 and the defendants' response state as

follows:

> **Request for Production No. 1:** Incident Report, dated 8/19/20, that
> regards the self-harm that William Cox #901795 caused to himself at
> Miami Correctional Facility in Cell S-104/RHU.

> **Response:** Defendants object to this request as it requests information
> outside the scope of the claims in this cause. Additionally it seeks medical
> information of a non-party. Subject to and without waiving these
> objections, Defendants would direct Plaintiff to the attached
> documentation.

ECF 67 at 3. Despite their objection, the defendants provided an incident report by

Officer Nettrouer on Inmate Cox's incident of self-harm on August 19, 2020, appearing

to redact only Inmate Cox's name from the narrative portion of the report. ECF 67-2.

Requests for Admission No. 1 and the defendants responses state as follows:

**Request for Admission No. 1 for Lieutenant Myers:** On August 20, 2020, at approximately 12:00pm, I notified you of the bloody, unsanitary conditions of the cell I was housed in, Cell S-104/RHU.

**Response:** Deny

**Request for Admission No. 1 for Sergeant Wells:** On August 20, 2020, at approximately 7:00am, I notified you of the bloody, unsanitary conditions of the cell I was housed in, Cell S-104/RHU.

**Response:** Deny

ECF 105 at 1; ECF 106 at 1. Review of the record thus indicates that the defendants

provided the specific incident report that was the subject of Request for Production No.

1. Further, it is unclear how any document responsive to Request for Production No. 1,

which related to Inmate Cox's incident of self-harm on August 19, 2020, could discredit

the defendants' responses to Requests for Admission No. 1, which related to Rumler's

complaints regarding the conditions of his cell on August 20, 2020. Because it appears

that the defendants properly responded to Request for Production No. 1, the court

denies this motion to compel.

3

In the two other motions to compel (ECF 93, 112),[1] Rumler seeks to compel the

defendants' responses to his requests for production signed on July 13, 2022 (ECF 72),

and his interrogatories and his requests for production filed on September 30, 2022 (ECF

97, ECF 98). The thirty-day response period has passed, *see* Fed. R. Civ. P. 33(b)(2); Fed.

R. Civ. P. 34(b)(2)(A), and the defendants have no sought extensions of time in

connection with these discovery requests. Consequently, the court grants these motions

and will order the defendants to file responses to these discovery requests. Because the

court has now addressed all pending motions to compel, the court also denies the

motion for the status of the court's ruling on the motions to compel (ECF 127) as moot.

Rumler also filed a motion for counsel. He explains that he needs counsel

because the defendants objected to one of his discovery requests on the basis that

certain documents are not available to inmates due to safety and security concerns.

"There is no right to court-appointed counsel in federal civil litigation." *Olson v.*

*Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir.

2007)). However, in some circumstances, the court may ask counsel to volunteer to

represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel,
> the district court is to make the following inquiries: (1) has the indigent
> plaintiff made a reasonable attempt to obtain counsel or been effectively
> precluded from doing so; and if so, (2) given the difficulty of the case,
> does the plaintiff appear competent to litigate it himself?

---

[1] The court observes that the deadline to file a response to the most recently filed motion to
compel has not passed. *See* N.D. Ind. L.R. 7-1(d)(3) (response brief due within 14 days). Nevertheless, the
court will resolve the most recently filed motion in this order in the interest of judicial economy and
finding no apparent prejudice to the defendants by way of their lack of response.

*Pruitt*, 503 F.3d at 654.

The request for production and objection cited by Rumler state as follows:

**Request for Production No. 1:** Copies of Miami Correctional Facility staff's daily log book of the restrictive housing unit for I and K brackets for both August 19, 2020, and August 20, 2020.

**Response:** Defendants object to this request as it is not relevant to the claims alleged in the lawsuit going forward. Furthermore, Defendants object to the extent Plaintiff is requesting documents beyond the scope of discovery. Lastly, Defendants further object to the extent this request seeks documentation that is considered "Restricted" or "Confidential" for safety and security reasons and are not available to inmates, such as the Plaintiff.

ECF 69 at 3.

The recruitment of counsel might be appropriate in some cases for the purpose of reviewing sensitive documents when a party has legitimate concerns about disclosing them directly to an opposing pro se party. But recruited counsel is a scarce resource that the court is reluctant to provide absent some showing that the sensitive documents are materially necessary to the case and that no reasonable alternatives are available. While the daily logs are certainly within the scope of discovery in its broadest terms, Rumler does not explain how these documents are materially necessary to litigate his claims in this case or how they would meaningfully assist him. Nor is there any suggestion that Rumler has explored or even considered reasonable alternatives, including serving a different discovery request tailored to obtain similar information, redaction, or in-camera review. Consequently, the court denies the motion for counsel.

Nevertheless, in lieu of recruitment of counsel, the court will order the defendants to file the daily logs ex parte and under seal. The defendants should also

serve and file a supplemental response to the request for production to indicate whether or not the daily logs contain information relevant to this case. If the daily logs contain relevant information, the defendants should serve and file a copy of the logs that is redacted to include only relevant information.

As a final matter, the court observes that the current scheduling order does not account for the defendants' assertion of the exhaustion defense in their amended answer (later withdrawn) or the parties' status reports indicating that they needed additional time to conduct discovery and to prepare dispositive motions. ECF 102, ECF 107, ECF 114, ECF 115, ECF 116. Consequently, the court will extend these deadlines.

For these reasons, the court:

(1) GRANTS the motions to compel (ECF 93, ECF 128);

(2) ORDERS the defendants to file by February 9, 2023, responses to the requests for production signed on July 13, 2022 (ECF 72), and the interrogatories and requests for production filed on September 30, 2022 (ECF 97, ECF 98);

(3) DENIES the motion to compel (ECF 112);

(4) DENIES the motion for status (ECF 127);

(5) DENIES the motion for counsel (ECF 111);

(6) ORDERS the defendants to respond by February 9, 2023, to Request No. 1 of the requests for production filed on July 13, 2022 (ECF 47) as set forth in this order;

(7) EXTENDS the deadline to initiate discovery to March 9, 2023;

(8) EXTENDS the deadline to complete discovery, including filing motions to compel, to April 10, 2023; and

(9) EXTENDS the deadline to file dispositive motions to <u>May 9, 2023</u>.

SO ORDERED on January 6, 2023

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge